**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JEFFERSON Y.M.,

Petitioner,

v.

TODD BLANCHE, *Acting U.S. Attorney General*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID J. VENTURELLA, *Acting Director, Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*;

RYAN SHEA*, Sherrif, Freeborn County*,

Respondents.

Civil No. 26-3038 (JRT/DLM)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Taylor Jon Volkman, I, **CARTHEW & VOLKMAN, PLLC,** 80 South Eighth Street, Suite 900, Minneapolis, MN 55402, for Petitioner.

David R. Hackworthy and David W Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

David John Walker, **FREEBORN COUNTY ATTORNEY'S OFFICE**, 411 South Broadway Avenue, Albert Lea, MN 56007, for Respondent Ryan Shea.

Petitioner Jefferson Y.M. filed a Petition for Writ of Habeas Corpus on June 22, 2026.  (Docket No. 1.)  That same day, the Court issued an order directing Respondents to file a response to the petition by **no later than 5:00 p.m. on June 24, 2026**.  (Order, June 22, 2026, Docket No. 3.)  Respondents were directed to provide "[a] reasoned memorandum of law and fact explaining Respondents' legal position on Petitioner's claims, including why Petitioner should not be released immediately, without conditions" and to address "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release."  (*Id.* at 2–3.)  At 5:10 p.m. on June 24, 2026—after the deadline had already passed—counsel for Federal Respondents moved for an extension of time to file a response.  (First Mot. for Extension, June 24, 2026, Docket No. 5.)[1]  The Court will deny this untimely request for an extension and will grant Petitioner's habeas petition.

For many months now, this Court has ordered expedited briefing in habeas cases like this one.  This urgency is warranted because of the Fifth Amendment's guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  "[T]he interest in being free from physical detention by one's own government," is among "the most elemental of liberty interests."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004).

---

[1] Respondents requested an extension until June 25, 2026 at 12:00 p.m.  While Respondents subsequently filed a response to the petition at 11:59 a.m., their supporting documents for that response were not filed until after the Respondents' proposed extended deadline.

In many respects, "the government has more flexibility when dealing with immigration[,]" *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024).  But this flexibility does not extend to noncompliance with Court orders.

Respondents indicate that they did not receive the documents required to complete their response until the afternoon of June 24, 2026.  (*See* First Mot. for Extension at 1.)  Nevertheless, Respondents certainly had time to file a timely motion for extension.  Indeed, the Court is particularly troubled that counsel for Federal Respondents sent an email to Petitioner's counsel on the afternoon of June 24, 2026, at 2:10 p.m. indicating that unless Petitioner's counsel responded "within the next 2 hours," Respondents counsel would "be filing his response" which would "identify material misrepresentations which [Petitioner's counsel] personally verified."  (Decl. of Taylor J. Volkman ¶ 2, Ex. A, June 24, 2026, Docket No. 7.)  Yet no response—nor even a motion for an extension—was timely filed.

Habeas corpus petitions have become an increasingly large part of this Court's docket and of the work performed by the United States Attorney's Office for the District of Minnesota.[2]  Given the importance of these petitions to the life and liberty of the

---

[2] Max Nesternak, *Lawyers filed over 1,000 lawsuits challenging immigrant detentions during Operation Metro Surge*, Minnesota Reformer (Feb. 19, 2026), https://minnesotareformer.com/2026/02/19/lawyers-filed-over-1000-lawsuits-challenging-immigrant-detentions-during-operation-metro-surge/ (last accessed June 5, 2026) [https://perma.cc/3XPY-ARJ2] (noting that between December 2025 and mid-February 2026, more than 1,000 habeas corpus petitions had been filed, up from 73 habeas corpus petitions in the 12 months prior).

petitioners, the Court expects timely compliance with its orders. *Cf., Boumediene v. Bush*, 553 U.S. 723, 739 (2008) ("The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty, and they understood the writ of habeas corpus as a vital instrument to secure that freedom.")  The Court has been and will continue to treat with the utmost urgency allegations that a Petitioner's Fifth Amendment rights of life, liberty, and property have been violated without due process of law.

Because Respondents failed to timely respond to Petitioner Jefferson Y.M.'s Fifth Amendment arguments, the Court concludes that Respondents waived any challenge to those arguments. *See Pedro Eduardo R.P. v. Bondi*, Civ. No. 26-1323, 2026 WL 473140, at *3 (D. Minn. Feb. 17, 2026), *report and recommendation adopted* 2026 WL 478607 (D. Minn. Feb. 19, 2026) (discussing waiver of constitutional claims); *Alicia N.F.C. v. Blanche*, Civ No. 26-2145, 2026 WL 1005079, at *2 (D. Minn. Apr. 14, 2026) (finding waiver of due process issue when Respondent did not address Fifth Amendment claim in their response).[3]

The Court will deny the Respondents' motion for an extension of time as untimely. Because Respondents did not timely address Petitioner Jefferson Y.M.'s warrantless arrest arguments, the Court concludes that the appropriate remedy is Petitioner's immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core

---

[3] Nonetheless, the Court finds it likely that Petitioner would be entitled to relief under a due process analysis for the reasons set forth in *Axel J.M.C., v. Stanski*, Civil No. 26-2281, 2026 WL 1171344 (D. Minn. Apr. 29, 2026).

a remedy for unlawful executive detention," for which "[t]he typical remedy is, of course, release.").

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Jefferson Y.M.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED** as follows:

   a. Petitioner must be immediately released from detention;

   b. Respondents must release Petitioner with all personal effects, such as driver's license, passports, or immigration documents, and **without conditions** such as location tracking devices; and

   c. **By 5:00 P.M. on June 29, 2026**, both parties (individually or jointly) shall provide the Court with a status update concerning the status of Petitioner's release.

2. Respondents' First Motion for Extension (Docket No. [5]) is **DENIED** as untimely.

DATED: MONTH, DAY, 2026
at Minneapolis, Minnesota.

      /s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge